**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MUSTAFA AWAD,** ) | | |
| **TDCJ-ID # 1017355,** ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:14-CV-4308-N-BH | |
| ) | | |
| **JOHN DOE,** ) | Referred to U.S. Magistrate Judge | |
| Defendant. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this pro se prisoner case has been referred for pretrial management. Before the Court are multiple grievance forms received from the plaintiff on December 8, 2014 (doc. 3). Based on the relevant filings and applicable law, this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless he timely pays the requisite filing fee.

**I. BACKGROUND**

On December 8, 2014, Mustafa Awad (Plaintiff), an inmate at the TDCJ Huntsville Unit, filed multiple handwritten copies of Texas Department of Criminal Justice Step 1 and Step 2 grievance forms. (*See* doc. 3). The copies are largely illegible, but he appears to seek relief from officials at his institution of confinement.

**II. THREE STRIKES**

As a prisoner in the state prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as

frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Awad v. Administrative Captain at Darrington Unit, et al.,* No. G-08-191 (S.D. Tex. Nov. 28, 2008); *Awad v. Jacoby Hospital, et al.*, No.3:09-CV-2275-G (N.D. Tex. April 2, 2010); *Awad v. Jacoby Hospital*, No. 3:12-CV-0600-D (N.D. Tex. May 2, 2010). He may therefore not proceed without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing.

### III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[1] within the time for objecting to this recommendation, or by any other deadline set by the Court.[2]

**SIGNED this 11th day of December, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

[2] In addition to paying the applicable fees, Plaintiff must also file his claims on the standard civil rights complaint form for claims arising under 42 U.S.C. § 1983.

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE